**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven R. Avendano, | ) |
| Plaintiff, | ) No. CIV-05-051 PHX RCB |
| vs. | ) O R D E R |
| JoAnne B. Barnhart, Commissioner of Social Security, | ) |
| Defendant. | ) |

On January 6, 2005, Plaintiff Steven R. Avendano, ("Avendano") filed his complaint in this case. Complaint (doc. 1). Avendano seeks review in this court of a decision rendered by an Administrative Law Judge ("ALJ") of the Social Security Administration ("SSA"), who denied him disability and disability benefits. Id. at 2. A motion for summary judgment was filed on April 18, 2005, which provides the basis for Avendano's appeal of the ALJ's findings. Mot. (doc. 5).[1] On May 23, 2005, Defendant

---

[1] In his motion for summary judgement, Avendano requested oral argument on this matter. Mot. (doc. 5). Finding oral argument

JoAnne B. Barnhart, Commissioner of Social Security ("the Commissioner"), filed a cross-motion for summary judgment, seeking for this court to affirm the ALJ's decision. Cross-Mot. (doc. 8). These motions were fully briefed on June 22, 2005. Reply (doc. 13). The court, having carefully considered the arguments presented by the parties, as well as the Administrative Record, now rules.

**I. Facts**

    **A. Procedural History**

On April 16, 2002, Avendano filed an application for Disability Insurance Benefits and Supplemental Security Income Benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433. Administrative Record ("A.R.") (doc. 2) at 16. The application was denied initially and on reconsideration. Id. Thereafter, a hearing was held on July 16, 2003, before Administrative Law Judge ("ALJ") Frederick J. Graf. Id. The ALJ issued a decision in which he found Avendano not disabled within the meaning of the Act. Id. Specifically, the ALJ found that Avendano's back disorder, as well as his affective and substance abuse disorders were "severe." Id. at 21. However, the ALJ concluded that despite these impairments, Avendano had the residual functional capacity to perform light level functioning with the complete inability to climb ladders, ropes, and scaffolds, and some limitations in climbing, balancing, stooping, kneeling, crouching or crawling on more than an occasional basis. A.R. (doc. 2) at 22. Although Avendano had moderate difficulties in understanding and

---

unnecessary, the Court shall deny this request.

remembering detailed instructions, getting along with co-workers and maintaining socially appropriate behaviors, the ALJ determined that Avendano could return to the occupations he had previously performed and was not under a disability as defined in the Social Security Act.  Id.

On October 15, 2003, Avendano requested review by the Appeals Council.  A.R. (doc. 2) at 9.  On November 10, 2004, the Appeals Council denied the request for review of the ALJ decision and adopted the decision as the Commissioner's final decision.  Id. at 5.  Avendano then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).  Complaint (doc. 1) at 1.  Avendano seeks for this Court to reverse the ALJ's decision, arguing that the "decision is not supported by substantial evidence and is founded on multiple legal errors[.]"  Mot. Memo. (doc. 6) at 2.

**B. Background Facts**

Avendano was born on November 1, 1969.  A.R. (doc. 2) at 47.  He was 33 years old at the time of the hearing in July 2003.  Id. at 17.  Avendano has a limited education and has past work experience as a corrections officer, prep cook, dishwasher, painter and general laborer.  Id.  He alleges he became disabled on April 16, 2002, due to severe depression.  Id.

**II. Standard of Review**

Both parties have moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Summary judgment is appropriate when "there is no genuine issue as to any material fact and...the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  This case is an appeal from the decision of an ALJ. A district court reviews the decision of a social security

1 administrative law judge de novo. Aukland v. Massanari, 257 F.3d
2 1033, 1034-35 (9th Cir. 2001). Under 42 U.S.C. § 405(g), "the
3 findings of the Commissioner of Social Security as to any fact, if
4 supported by substantial evidence, shall be conclusive...." Hence,
5 if the Commissioner's decision is supported by substantial
6 evidence, and based on application of the correct legal standards,
7 it is conclusive upon judicial review. Matney v. Sullivan, 981 F.2d
8 1016, 1019 (9th Cir. 1992); Sandgathe v. Chater, 108 F.3d 978, 980
9 (9th Cir. 1997). Substantial evidence is "more than a mere
10 scintilla but less than a preponderance; it is such relevant
11 evidence as a reasonable mind might accept as adequate to support a
12 conclusion." Sandgathe, 108 F.3d at 980.
13    To determine whether the ALJ's decision is supported by
14 substantial evidence, the court reviews the administrative record
15 as a whole, weighing both the evidence which supports and that
16 which detracts from the ALJ's conclusion. Id. If the evidence is
17 susceptible to more than one rational interpretation, the district
18 court will uphold the ALJ's decision. Id. The court may not
19 substitute its judgment for that of the [Commissioner]. Richardson
20 v. Perales, 402 U.S. 389, 401 (1971).
21    As discussed above, the critical issue at the heart of this
22 proceeding is whether Avendano is, in fact, disabled under the
23 Act. The ALJ answered this question in the negative. In order to
24 qualify for the benefits sought, Avendano had to show the ALJ that
25 his impairments were so functionally limiting as to prevent him
26 from engaging in any substantial gainful activity for at least
27 twelve consecutive months. 42 U.S.C. § 423(d)(1)(A)(definition of
28 "Disability"). Avendano shoulders the burden of proving his

disability. <u>Taylor v. Heckler</u>, 765 F.2d 872, 875 (9th Cir. 1985); <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1432 (9th Cir. 1995)("In determining the ultimate issue of disability, claimant bears the burden of proving she is disabled.").

**III. Discussion**

Avendano asserts that he is entitled to summary judgment for three separate reasons. Mot. Memo (doc. 6) at 2-3. He claims that the ALJ erred by "adopting" the opinion of Francis Enos, Ph.D. and "rejecting" the opinion of Steven Hirdes, Ed.D., by speculating that Avendano's condition would improve, and by failing to credit Avendano's testimony. <u>Id.</u> Defendant contests all of these charges. The Court will address each issue in turn.

    **A.   Opinions of Nonexamining and Examining Physicians**

Avendano's first argument is that the ALJ erred by "adopting" the opinion of Francis Enos, Ph.D., and "rejecting" the opinion of Steven Hirdes, Ed.D. Mot. Memo (doc. 6) at 2-3. Dr. Enos is a state agency psychologist who did not examine Avendano and did not testify at the hearing. On the other hand, Dr. Hirdes examined Avendano on behalf of the state agency.

Avendano asserts that the ALJ committed an error of law when he relied on the opinion of Dr. Enos in making his decision in this case. Mot. Memo (doc. 6) at 3. Specifically, Avendano argues that because Dr. Enos did not examine him, the ALJ could not base the decision to deny him benefits on Dr. Enos' opinion. <u>Id.</u> at 3-4. Avendano cites numerous Ninth Circuit cases in support of his argument. <u>Id.</u> citing <u>Benecke v. Barnhart</u>, 379 F.3d 587 (9th Cir. 2004); <u>Celaya v. Halter</u>, 332 F.3d 1177 (9th Cir. 2003); <u>Tonapetyan v. Halter</u>, 242 F.3d 1144 (9th Cir. 2001; <u>Lester</u>

-5-

1  v. Chater, 81 F.3d 821 (9th Cir. 1996); Penny v. Sullivan, 2 F.3d
2  953 (9th Cir. 1993).  Moreover, Avendano contends that the ALJ's
3  statement that he "adopt[s] the rationale referenced in [Dr. Enos'
4  opinion]" indicates that the ALJ solely relied on Dr. Enos' report
5  in making his decision.  Reply (doc. 13) at 2.
6      The opinions of treating and examining physicians are
7  entitled to greater weight than the opinions of nonexamining
8  physicians.  Lester, 81 F.3d at 830.  Although Avendano correctly
9  states the law that an ALJ may not solely base his decision on the
10 opinion of a nonexamining physician, such a situation is not the
11 case here.
12     In the case at bar, the ALJ did not rely on Dr. Enos' opinion
13 alone in determining that Plaintiff's mental problems were not
14 disabling.  In his decision, the ALJ cites numerous reports and
15 records from different doctors as evidence indicating that
16 Avendano is not disabled under the definition of the Act.  A.R.
17 (doc. 2) at 18-20 (citing evidence from the reports of Dr. Ashok
18 Narayan, Dr. Anthony Pellegrino, Dr. Steven Hirdes, Dr. Michael
19 Vines, and two State Agency medical consultants, one of which was
20 Dr. Enos).  In addition, the ALJ notes that he found it
21 "particulary significant...that from a physical standpoint, none
22 of [Avendano's] treatment providers have concluded he is
23 disabled."  Id. at 19.  The decision shows that the ALJ considered
24 the entire medical record in determining that Avendano was not
25 disabled under the Act.  Thus, the Court does not find that the
26 ALJ's consideration of Dr. Enos' opinion was improper.
27     In addition, Avendano argues that there was little
28 explanation for Dr. Enos' assessment, and that the ALJ's reliance

on such assessment in reaching the limited mental residual functional capacity determination was inappropriate. Mot. Memo (doc. 6) at 4-5. Again, these claims are based on the presumption that the ALJ in this matter relied only on Dr. Enos' opinion in making his decision. As previously stated, the Court finds that the ALJ considered the entire record in this case and relied on multiple facets of that record in making his decision to deny Avendano's request for benefits.

In contrast, Avendano argues that the ALJ committed an error of law when he "rejected" the opinion of examining physician, Dr. Hirdes. Mot. Memo (doc. 6) at 7. Avendano asserts that based on inconsistencies in his testimony, the ALJ discredited Dr. Hirdes' opinion because he believed that Plaintiff had been "less forthcoming [sic] to the consultative psychologist[.]" Id. at 8 (citing A.R. (doc. 2) at 20). "It was legal error for the ALJ to base rejection of Hirdes' opinion on specious inconsistencies." Id. at 9. Avendano contends that Hirdes "established limitation facially inconsistent with the ability to sustain work activities," thus clearly indicating that Plaintiff is disabled. Id. at 9-10.

In July 2002, Avendano was examined by Steven C. Hirdes, Ed.D., a licensed psychologist. A.R. (doc. 2) at 148. Avendano complained of depression and mood swings. Id. He said he currently lived with his mother, who was disabled, and that he helped her with the cooking and cleaning. Id. at 148-49. He indicated that he did very little during the day and, although he slept from 9:00p.m. to 10:00a.m., he also napped 3-5 hours each day. Id. at 149-50. He said he drank heavily in the past, but

had virtually no alcohol in the past 3 to 4 years.  Id. at 148.

Upon mental status examination, Dr. Hirdes noted that Avendano was poorly groomed, was interpersonally immature, and that Avendano acknowledged thoughts of suicide but had made no suicidal efforts.  A.R. (doc. 2) at 149.  Avendano did not exhibit any thought disorder, delusions or hallucinations.  Id.  His judgment and insight were poor and his intelligence was in the low average range.  Id. at 150.  Dr. Hirdes diagnosed major depressive disorder, single episode, severe without psychotic features; rule out bipolar disorder, learning disorders, attention deficit/hyperactivity disorder; and history of alcohol abuse in three year remission, by the claimant's report.  Id.  Dr. Hirdes completed a check-list form in which he indicated that Avendano would be either "limited but satisfactory" or "seriously limited, but not precluded" in a number of work-related areas.  Id. at 152-53.

The Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician.  Lester, 81 F.3d at 830.  Even if the opinion is contradicted by another doctor, it can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record.  Id. at 830-31.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician."  Id. at 831.

In the case at bar, the ALJ notes specific inconsistencies in Avendano's testimony related to his past history of substance abuse.  A.R. (doc. 2) at 20.

> At the [evaluation in July 2002 with Dr. Hirdes], the claimant acknowledged having a history of extensive alcohol abuse, but essentially denied consuming anything in nearly four years. Barely two weeks later, the claimant reported a somewhat more extensive, albeit contradictory, history of alcohol abuse to the Administration (Ex. 6E). Initially, he reported consuming only one beer per month, but denied having any in the past two months. He later elaborated that he consumed 1 to 2 beers at a time, on one or more occasions each month. His mother, while aware he had a substance abuse problem, reported that she was unaware of its '*magnitude*[.]'"

Id. Due to these inconsistencies, the ALJ concludes that "[i]t is relatively apparent...that the claimant [has] been less than forthcoming to [Dr. Hirdes] and therefore the findings and conclusions of that report must be considered with caution." Id.

According to this statement, it is not clear whether the ALJ summarily "rejected" Dr. Hirdes' opinion, or merely considered it with "caution."  In his report, Dr. Hirdes does not conclusively find that Avendano is disabled, and, in contrast, notes that Avendano would be either "limited but satisfactory" or "seriously limited, but not precluded" in a number of work-related areas. A.R. (doc. 2) at 152-53.  In any event, the ALJ notes other evidence in the record that did not corroborate Dr. Hirdes' opinion.  A.R. (doc. 2) at 20.

> [Dr. Hirdes] noted that the claimant presented himself in a rather unkempt and unclean manner and that he slept excessively. Curiously, during [the time period between July 2002 and July 2003], none of claimant's treatment providers, including his specialists in pain management and neurology, reported observing anything unusual concerning either his demeanor or hygiene. In addition, the nonexamining State Agency medical consultant opined in January 2003, that the claimant's depressive disorder improved to the point that it was no longer severe. In contrast, when evaluated in July 2003, Dr. Vines noted that he exhibited

- 9 -

>good hygiene, slept erratically, and denied any history of either drug or alcohol abuse.

Id. (internal citations omitted). When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. Batson v. Commissioner of the Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004). Greater weight must be given to the opinions of examining physicians, and in the case of a conflict the ALJ must give specific, legitimate reasons for disregarding the opinion of such a physician. Lester, 81 F.3d at 830-31. Here, these rules were satisfied as the ALJ gave specific and legitimate reasons to question Dr. Hirdes' opinion on the degree of Avendano's impairment. The fact that the ALJ did not give Dr. Hirdes' opinion the weight Avendano desires does not create an error of law.

**B.  Speculation on Avendano's Condition**

Second, Avendano argues that the ALJ erred by "speculating that Avendano's condition would improve without any basis in the record for doing so." Mot. Memo (doc. 6) at 3. Plaintiff refers to the ALJ's statement that "[t]here has been no evidence presented to date to contradict the conclusion that [Avendano's anxiety related disorder], with treatment, will also become non-severe in less than 12 months." A.R. (doc. 2) at 20. Avendano asserts that the ALJ committed an error of law because, in making this assessment, he relied on the opinion of non-examining psychologist Dr. Enos, and that such a statement is mere speculation. Mot. Memo (doc. 6) at 10. Thus, Avendano argues that the ALJ's decision is "supported by speculation, not substantial evidence." Id. at 10-11.

- 10 -

In his decision, the ALJ supports his statement concerning Avendano's possible improvement with evidence in the record. A.R. (doc. 2) at 20. The ALJ notes that the record indicated that, in the past, Avendano's substance and affective disorders had improved to the point of becoming non-severe, and that he had only recently incurred an anxiety related disorder. Id. Although Avendano maintains that the ALJ's statement equals improper speculation, the Court finds such statement to be more likely related to the ALJ's interpretation that Avendano failed to prove that his anxiety related disorder would last for "a continuous period of at least twelve months[.]" 42 U.S.C. § 423(d)(1)(A)(definition of "Disability"). Regardless, although the basis for this statement may have come from the report of a nonexamining doctor, the Court finds that the ALJ considered the entire medical record in this case in making his decision to deny Avendano's request for disability benefits. Thus, the Court disagrees with Plaintiff's assertion that the ALJ based his decision solely on this "speculation" concerning Avendano's possible improvement.

**C. Avendano's Credibility**

Avendano's final argument is that the ALJ improperly rejected his testimony. Mot. Memo (doc. 6) at 3. He asserts that the reasons provided by the ALJ for discrediting his testimony do not "satisfy the requirements for a credibility analysis." Id. at 12. Avendano asserts that the ALJ did not specifically identify what testimony was not credible, and did not provide clear and convincing reasons for finding such testimony not credible. Id.

Once a claimant produces medical evidence of an underlying

- 11 -

1  impairment which is reasonably likely to be the cause of certain
2  subjective symptoms, the ALJ may not discredit a claimant's
3  testimony on that issue solely because the degree of limitation
4  alleged by the claimant is not supported by objective medical
5  evidence.  <u>Fair v. Bowen</u>, 885 F.2d 597, 602-04 (9th Cir. 1995);
6  <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 346-47 (9th Cir. 1991).  The
7  ALJ cannot reject the claimant's testimony about subjective
8  complaints without making findings sufficiently specific to permit
9  the reviewing court to conclude that the ALJ did not arbitrarily
10 discredit that testimony.  <u>Bunnell</u>, 947 F.2d at 346-47.  Factors
11 the ALJ may legitimately consider to make a credibility
12 determination include the claimant's daily activities,
13 inconsistencies in testimony, effectiveness or adverse side
14 effects of any pain medication, and relevant character evidence.
15 <u>Id.</u>; <u>Light v. Social Security Administration</u>, 119 F.3d 789, 792-93
16 (9th Cir. 1997); <u>Fair</u>, 885 F.2d at 602-04.  However, the ALJ is
17 the trier of fact.  <u>Fair</u>, 885 F.2d at 604.  As long as the ALJ's
18 determination was reached based on an explicit consideration of
19 the appropriate factors, it is not the reviewing court's place to
20 second-guess that determination.  <u>Id.</u>
21      At the hearing on July 16, 2003, Avendano testified that he
22 was born in 1969 and finished the 9th grade.  A.R. (doc. 2) at 36-
23 37.  He noted that he did not have a GED.  <u>Id.</u> at 37.  Avendano
24 stated that he was five feet ten inches tall and weighed 210
25 pounds.  <u>Id.</u>  He also stated that he had gained 63 pounds in the
26 last six or seven months.  <u>Id.</u>  Avendano indicated that he had not
27 driven for about one year because he was too anxious.  <u>Id.</u> at 38-
28 39.  He testified that he was getting treatment for his depression

and anxiety from Dr. Vines, and that he also saw a counselor. A.R. (doc. 2) at 39. In addition, Avendano said (1) he had severe depression and suicidal thoughts; (2) that he slept all day and did not shower or shave for months at a time; and (3) that he did not leave the house because he got nervous around people. Id. at 39-41. He stated that he lived with his mother, and that four months ago he tried to kill himself with a razor blade. Id. at 40-41. He also said that he scratches himself and bites his nails. Id. at 42-43. Avendano reported that he was let go from his last job in April 2002 because of a lack of motivation. Id. at 43.

In his decision, the ALJ offered specific reasons for discounting Avendano's testimony. The ALJ found Avendano not credible because of three specific inconsistencies in his testimony. First, as described above, the ALJ states that it appeared that Avendano had not been entirely honest with either the consulting psychologist, Dr. Hirdes, or treating psychiatrist, Dr. Vines, concerning the presence and extent of his substance abuse. A.R. (doc. 2) at 20. Second, the ALJ notes that Avendano's testimony about his recent weight gain was inconsistent with evidence in the record. Id.

> Similarly, the claimant's testimony that his current weight of 210 pounds included a 63 pound increase over the past 7 months is not supported by the evidence of record. He reported in April 2002 that he weighed 210 pounds and as recently as August 2002, weighed 212 pounds.

Id. Third, the ALJ noted that Avendano's reports of suicidal gesture and self-mutilation (excessive scratching and fingernail biting) were not supported by the record in that Dr. Vines'

- 13 -

evaluation and subsequent therapy notes do not make any reference to them.  Id.  "If he is indeed exhibiting these symptoms, it is exceedingly odd that they are being reported to the undersigned for the first time rather than to [Dr. Vines,] the individual seeking to treat him for his impairment(s)."  Id.  For these reasons, the ALJ did not find Avendano to be a credible witness as to the nature and degree of his symptoms and limitations.

Avendano argues that these reasons are not sufficient to discredit his testimony.  He asserts that (1) the inconsistencies found by the ALJ regarding his statements about his substance abuse were unfounded; (2) that the ALJ's finding regarding fluctuations in his weight was irrelevant to the issue of the severity of his mental impairments; and (3) that the lack of notations in Vines' report regarding a history of excessive scratching and fingernail biting does not prove that such a history is untrue.  Id. at 12-13.

Contrary to Plaintiff's assertion, there are sufficient reasons addressed to Avendano's testimony that support the ALJ's credibility determination.  An ALJ is permitted to reject testimony regarding subjective symptoms as long as he makes specific findings justifying that decision.  Fair, 885 F.2d at 604.  In addition, an ALJ is entitled to use "'ordinary techniques of credibility evaluation' to test a claimant's credibility."  Bunnell, 947 F.2d at 346.  Here, although the inconsistencies in Avendano's testimony may not relate to the severity of his physical or mental impairments, the ALJ could find that they were probative as to whether Avendano's subjective complaints were believable.  The Court concludes that the ALJ made the requisite

- 14 -

specific findings, and there is substantial evidence to support his decision.

### iv. Conclusion

Upon review of each of Avendano's challenges to the ALJ's decision, the Court finds that the ALJ fulfilled his responsibility to consider the medical evidence, and the record as a whole, in making specific findings concerning Avendano's alleged disability.  The evidence cited by the ALJ in his decision is relevant evidence that a reasonable mind might accept as adequate to support his conclusion that Plaintiff in not disabled. Although some of the evidence highlighted by Avendano is possibly susceptible to more than one interpretation, the district court must uphold the ALJ's decision.  Id.  Therefore, the Court finds that the ALJ's decision is supported by substantial evidence.

Therefore,

IT IS ORDERED that Avendano's motion for summary judgment (doc. 5) is DENIED.

IT IS FURTHER ORDERED that Defendant's cross-motion for summary judgment (doc. 8) is GRANTED.  The court clerk is directed to enter JUDGMENT for Defendant and terminate this case.

DATED this 6th day of February, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record